UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ARIES MARINE CORPORATION | CIVIL ACTION NO: 6:22-cv-998 |
| *Plaintiff* | JUDGE: |
| V. | MAGISTRATE: |
| LLOYD ENGINEERING, INC. and TOLUNAY-WONG ENGINEERS, INC. | |
| *Defendants* | |

*************************

| | |
|---|---|
| IN THE MATTER OF ARIES MARINE CORPORATION, AS OWNER OF LIFTBOAT M/V RAM XVII, for exoneration from or limitation of liability | RULE 9(h) ADMIRALTY NON-JURY |

## ORIGINAL COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiff Aries Marine Corporation files this complaint and verified petition for the exoneration from or limitation of liability against Defendants Lloyd Engineering, Inc. and Tolunay-Wong Engineers, Inc., and respectfully shows the Court as follows:

### I.
### Parties

1. Plaintiff Aries Marine Corporation ("Aries Marine") is a Louisiana corporation with its principal place of business in Lafayette, Louisiana. Aries Marine is, and at all times mentioned in this complaint was, the owner and operator of the liftboat M/V Ram XVII.

2. Defendant Lloyd Engineering, Inc. ("Lloyd Engineering") is a Texas corporation authorized to do and doing business in Louisiana. Service may be effectuated by delivery of

process through its registered agent in Louisiana, Legalinc Corporate Services Inc., 8550 United Plaza Blvd., Ste 702, Baton Rouge, LA 70809.

3.     Defendant Tolunay-Wong Engineers, Inc. ("TWE") is a Texas corporation authorized to do and doing business in Louisiana. Service may be effectuated by delivery of process through its registered agent in Louisiana, Daniel O. Wong, P.E., 6037 Commerce Point Dr., Geismar, LA 70734.

## II.
## Jurisdiction and Venue

4.     This is a cause of admiralty, maritime, and other federal jurisdiction, brought under Rule 9(h) of the Federal Rules of Civil Procedure, Supplemental Admiralty Rule F, 28 U.S.C. §§ 1331, 1333 and 1367.

5.     Venue is proper in this district pursuant to Supplemental Admiralty Rule F(9) because a claim with respect to which Aries seeks to limit liability is pending in Louisiana's 15th Judicial District Court in Lafayette Parish.

## III.
## Facts

6.     At all times mentioned in this complaint, Aries Marine was responsible for the management, manning, victualing, and operation of the M/V Ram XVII, bearing Official Number 1205478, a self-elevating offshore supply vessel with a gross tonnage of 173 GRT. Aries Marine exercised all required due diligence to make and maintain the M/V Ram XVII in a seaworthy condition and at all times herein mentioned was properly and efficiently officered, manned, supplied, equipped, tight, staunch, strong, and in all respects seaworthy and fit for the services for which it was engaged.

7.     On December 20, 2019, the M/V Ram XVII was situated in the self-elevated position on the outer-continental shelf in the Gulf of Mexico off the coast of Texas under time charter to Lloyd Engineering pursuant to a December 11, 2019 Master Time Charter Agreement between Aries Marine and Lloyd Engineering. Pursuant to a November 30, 2019 Indemnity and Hold Harmless Agreement (Boarding Agreement) between Aries Marine and Lloyd Engineering and a December 2, 2019 Indemnity and Hold Harmless Agreement (Boarding Agreement) between Aries Marine and TWE, personnel of Lloyd Engineering, personnel of its subcontractor, TWE, and personnel of TWE's subcontractor, Amdrill, Inc., were on board the M/V Ram XVII.

8.     The Lloyd Engineering and TWE personnel supervised the Amdrill personnel who operated portable soil boring and sampling equipment ("boring equipment") situated on the M/V Ram XVII deck to perform geotechnical test boring into the subsea floor. The boring equipment, which was owned by TWE, was fitted with tracks to travel on the vessel's deck under its own power to be positioned by the Amdrill personnel to drill test borings. Aries Marine did not own, maintain, or operate the boring equipment.

9.     At approximately 4:40 a.m., Dylan Rose, an Amdrill employee, was injured while participating in boring and test sampling operations when he was struck in the leg by part of the boring equipment. Mr. Rose was evacuated from the M/V Ram XVII by U.S. Coast Guard helicopter and transported to a hospital in Corpus Christi, Texas for treatment which treatment ultimately resulted in an amputation of Mr. Rose's leg below the knee (the "December 20, 2019 incident").

10.    Dylan Rose's injury and any resultant damages were not proximately caused nor contributed to by any fault, neglect, want of care, design, or unseaworthiness by Aries Marine, its agents or crew, or by the M/V Ram XVII.

11. The subject injury and damages resulting therefrom were caused, done, occasioned, and incurred without the privity or knowledge of Aries Marine, or of Aries Marine's owners, officers, or managing agents, at or prior to the commencement of, or during, the voyage upon which the M/V Ram XVII was engaged at the time of the injury.

12. Aries Marine has been made a defendant in a related action pending in the Fifteenth Judicial District Court, Lafayette Parish, entitled *Dylan Rose v. Amdrill Inc., Aries Marine Corporation, and Tolunay Wong Engineers, Inc.*, Cause No. C-2022-1886. The parties known to have potential claims at this time are:

    a.    Dylan Rose, *through his attorneys of record*
           Timothy J. Young and Megan C. Misko
           The Young Firm
           400 Poydras Street, Suite 2090
           New Orleans, LA 70130

    b.    Amdrill, Inc., *through its registered agent*
           Registered Agents Inc.
           201 Rue Beauregard, Suite 202
           Lafayette, LA 70508

    c.    Tolunay-Wong Engineers, Inc., *through its attorneys of record*
           Walter P. Maestri and Bert M. Cass
           Deutsch Kerrigan, LLP
           755 Magazine Street
           New Orleans, LA 70130

    d.    Lloyd Engineering, Inc., *through its registered agent*
           LegalInc Corporate Services Inc.
           8550 United Plaza Blvd., Suite 702
           Baton Rouge, LA 70809

### IV.
### Defense, Indemnity and Breach of Contract

13. Dylan Rose filed the above-referenced lawsuit against defendants Amdrill, Inc., Aries Marine, and TWE seeking damages he allegedly sustained in the above-described December 20, 2019 incident on the M/V Ram XVII.

14. Aries Marine has denied it is in any way responsible for the events or happenings or damages alleged by Mr. Rose. However, if Aries Marine is held liable to Mr. Rose or any other party for any of the matters alleged herein, then Aries Marine is entitled to indemnity from Lloyd Engineering and TWE for any loss Aries Marine may sustain in this matter, including all costs, attorney fees and/or judgment which might be rendered against it, for the reason that Lloyd Engineering and TWE expressly agreed in contracts with Aries Marine to defend and indemnify Aries Marine, to name Aries Marine as an additional assured in their insurance policies, and to have their insurer waive subrogation as to Aries Marine for claims such as have been alleged by Mr. Rose in his lawsuit.

15. On November 30, 2019, Lloyd Engineering and Aries Marine entered into an Indemnity and Hold Harmless Agreement (Boarding Agreement) in which Lloyd Engineering agreed, in part, to defend, indemnify and hold Aries Marine harmless from and against all claims such as those asserted by Dylan Rose, to carry insurance to support its indemnity obligations and which policies were to name Aries Marine as an additional assured and waive subrogation in favor of Aries Marine.

16. On December 11, 2019, Lloyd Engineering and Aries Marine entered into a Master Time Charter Agreement in which Lloyd Engineering agreed, in part, to defend, indemnify and hold Aries Marine harmless from and against all claims such as those asserted by Dylan Rose, to carry insurance to support its indemnity obligations and which policies were to name Aries Marine as an additional assured and waive subrogation in favor of Aries Marine.

17. On December 2, 2019, TWE and Aries Marine entered into an Indemnity and Hold Harmless Agreement (Boarding Agreement) in which TWE agreed, in part, to defend, indemnify and hold Aries Marine harmless from and against all claims such as those asserted by Dylan Rose,

to carry insurance to support its indemnity obligations and which policies were to name Aries Marine as an additional assured and waive subrogation in favor of Aries Marine.

18. Aries Marine made timely demands for defense and indemnity which Lloyd Engineering and TWE have refused to provide.

19. Aries Marine is entitled to be indemnified by Lloyd Engineering and/or TWE for the full amount of any loss suffered or judgment paid by Aries Marine in this action and the lawsuit filed by Dylan Rose, and for costs, expenses, attorney fees, or other expenses which have been or will be in the future incurred as a result of Lloyd Engineering and TWE's failure to perform the obligations to which they expressly agreed, resulting in Aries Marine having to defend the lawsuit filed by Dylan Rose and in Aries Marine having to file this limitation of liability action.

20. To the extent that Lloyd and/or TWE failed to procure insurance coverage required and agreed to in the above-referenced agreements, such failure constitutes a breach of contract for which Aries Marine is entitled to recover damages consisting of the full amount of any loss suffered or judgment paid by Aries Marine in this action and the lawsuit filed by Dylan Rose, and for costs, expenses, attorney fees, or other expenses which have been or will be in the future incurred as a result of Lloyd Engineering and TWE's failure to perform the obligations to which they expressly agreed, resulting in Aries Marine having to defend the lawsuit filed by Dylan Rose and in Aries Marine having to file this limitation of liability action.

## V.
## Limitation of or Exoneration from Liability

21. Aries Marine is entitled to limit its liability under the Shipowner's Limitation of Liability Act of 1851.

22. Aries Marine claims exonerations from all liability for all losses, damages, and injuries incurred as a result of the December 20, 2019 incident involving Dylan Rose.

23. Without admitting, but affirmatively denying all liability, Aries Marine claims benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* and all laws supplemental thereto and amendatory thereof, because all the losses, damages, and/or injuries resulting from the December 20, 2019 incident occurred without privity or knowledge of Aries Marine.

24. At the termination of the voyage underway on December 20, 2019, the value of Aries Marine's interest in the M/V Ram XVII was $2,860,000.00. (See Exhibit "A", Paul F. Deister's Affidavit of Value). The amount of pending freight for the M/V Ram XVII for the voyage on December 20, 2019 was $48,000.00. (See Exhibit "B", Jude W. Bodin's Affidavit of Pending Freight). Accordingly, the total amount of the Limitation of Liability Act fund is $2,908,000.00.

25. Aries Marine files contemporaneously herewith an Ad Interim Stipulation of Value of Security for the deposit into this Honorable Court of the aggregate of Aries Marine's interest in the M/V Ram XVII plus her pending freight at the termination of the voyage, with interest at the rate of six percent (6%) per annum from the date of the deposit of the security as may be ascertained and determined to be necessary under any orders of this Court.

26. Pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Aries Marine is required to furnish security for costs. Accordingly, Aries Marine will file a check in the amount of $500.00 once the Court enters an order allowing a cash deposit in lieu of filing a cost bond.

27. Aries Marine claims exoneration and exemption from liability from any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the December 20, 2019 incident involving Dylan Rose.

28. Aries Marine further avers that it has valid defenses to the merits of any and all such claims. Aries Marine specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. § 30501 *et seq.* and all laws supplemental thereto and amendatory thereof.

29. Pursuant to 46 U.S.C. § 30501 *et seq.*, Aries Marine is entitled to have all claims and issues concerning the December 20, 2019 incident consolidated in a single proceeding before the United States District Court for the Western District of Louisiana, Lafayette Division, sitting in Admiralty.

30. Not more than six (6) months have elapsed since Aries Marine received written notice of any claims resulting from the December 20, 2019 incident.

## VI.
## Prayer

WHEREFORE, Aries Marine Corporation prays that, after trial or final hearing hereof, the Court award it the following:

a. Judgment in its favor against Defendants Lloyd Engineering, Inc. and Tolunay-Wong Engineers, Inc. pursuant to the contractual obligations;

b. Indemnity from Defendants Lloyd Engineering, Inc. and Tolunay-Wong Engineers, Inc. for any judgment against Aries Marine in this action and/or the lawsuit pending in the Fifteenth Judicial District Court filed by Dylan Rose, and for past and future costs, expenses, attorney's fees, or other expenses incurred as a result of Lloyd Engineering and TWE's failure to perform their contractual obligations;

c. Pre and post judgment interest;

d. An order approving the aforementioned Ad Interim Stipulation of Value deposited with the Court as security for the amount of value of Aries Marine's interest in the M/V Ram XVII plus pending freight;

e. An order issuing notice to all persons, firms, associations, or corporations asserting claims with respect to which Aries Marine seeks exoneration from, or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Aries Marine a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from, or the right to limitation of liability, that claimant shall file and serve on attorneys from Aries Marine an answer to the complaint on or before the said date;

f. An order adjudging that Aries Marine is not liable to any extent for any damages resulting from the December 20, 2019 incident;

g. Alternatively, if Aries Marine is adjudged liable, Aries Marine prays that any liability be limited to the amount of value of Aries Marine's interest in the M/V Ram XVII at the end of the December 20, 2019 voyage, plus pending freight, and that Aries Marine be discharged therefrom upon surrender of such interest and that the money be surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Aries Marine has prayed, saving to all parties any priorities to which they may be legally entitled, and that a decree be entered discharging Aries Marine from all further liability;

h. All costs and expenses of litigation;

i. Costs of court; and

j. All further relief, at law or equity, general or special, to which Aries Marine may be entitled.

Respectfully submitted,

**BULLEN & PLAUCHÉ, L.L.C.**

BY: _/s/ George C. Plauché_____
GEORGE C. PLAUCHÉ (23260)
george@bullenplauche.com
JAMES L. BULLEN (22010)
jim@bullenplauche.com
130 Audubon Blvd., Suite 102
Lafayette, LA 70503
Telephone: (337) 237-5900
Facsimile: (337) 233-9095

ATTORNEYS FOR ARIES MARINE CORPORATION