UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ARIES MARINE CORPORATION | CASE NO. 6:22-CV-000998 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LLOYD ENGINEERING, INC., ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before the Court is Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Lloyd Engineering, Inc. ("Lloyd") (Rec. Doc. 19) seeking to dismiss the cross-claim asserted by Dylan Rose. Rose opposes the motion. (Rec. Doc. 22). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. For the reasons set forth below, the undersigned recommends that Lloyd's motion be DENIED.

### I. Factual Background

The instant case arises out of a December 20, 2019 workplace accident aboard the *M/V Ram XVII*, a self-elevating offshore supply vessel owned and operated by Aries Marine Corporation. On April 14, 2022, Aries filed its "Original Complaint and Petition for Exoneration from or Limitation of Liability" in this Court and named Lloyd and Tolunay-Wong Engineers, Inc. ("TWE") as defendants. (Rec. Doc. 1). According to the complaint, the *M/V Ram XVII* was situated in a self-elevated position on the outer-continental shelf in the Gulf of Mexico under a time charter to Lloyd pursuant to a December 11, 2019 Master Time Charter Agreement. (*Id*. at ¶7). TWE is alleged to have been a subcontractor of Lloyd, and Amdrill, Inc. was alleged to be a subcontractor of TWE. (*Id*. at ¶8). Personnel from Lloyd, TWE, and Amdrill were operating portable soil boring and sampling equipment on the *M/V Ram XVII*'s deck while conducting geotechnical test boring into the seafloor. (*Id*.).

Dylan Rose, an employee of Amdrill, was injured while participating in the boring operations when he was struck in the leg by part of the boring equipment. (*Id*. at ¶9). Rose was

1

evacuated from the *M/V Ram XVII* by Coast Guard helicopter to a Corpus Christi, Texas, hospital for treatment, including the amputation of his leg beneath the knee. (*Id.*). Rose later filed suit against Aries and TWE in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. (*Id.* at ¶12).[1] Aries brought the instant suit pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* Aries denies liability for Rose's injuries and alleges that Lloyd and TWE owe it defense and indemnity. (*Id.* at ¶¶10, 14-20). Aries alleges that the value of its interest in the *M/V Ram XVII* is $2,860,000.00. (*Id.* at ¶24).

On June 9, 2022, Lloyd filed an answer to Aries' complaint in which it asserted a counterclaim against Aries and cross-claim against TWE for indemnity. (Rec. Doc. 10). On June 13, 2022, Rose filed an answer to the complaint and asserted claims against Aries, Lloyd, and TWE. (Rec. Doc. 16). Rose alleges that he was employed by Amdrill, working aboard the *M/V Ram XVII*, and sustained the aforementioned injuries. (*Id.* at ¶¶V-IX). He alleges claims for maritime negligence and unseaworthiness. (*Id.* at ¶XIII).

Lloyd responded with the instant motion, arguing that Rose's cross-claim is legally insufficient to state a maritime negligence claim. (Rec. Doc. 19). In effect, Lloyd contends that Rose's cross-claim pleads mere conclusory allegations and fails to plead specific facts.

## II. Applicable Standard

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a

---

[1] In his opposition, Rose states that he filed suit against Aries and TWE in state court in Terrebonne Parish. (Rec. Doc. 22 at 2).

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Courts recognize that "Rule 12(b)(6) applies equally to claims, counterclaims, cross-claims and third-party claims. . . ." *Wine Enthusiast, Inc. v. Vinotemp Int'l Corp.*, 317 F. Supp. 3d 795, 800 (S.D.N.Y. 2018).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer probability that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. 1937. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007).  A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### III. Analysis

Lloyd's motion contends that Rose's cross-claim fails to state a claim for maritime negligence and argues that "a district court may consider only the contents of the pleading and the attachments thereto." (Rec. Doc. 19 at 3).  However, when a motion to dismiss asserts that a cross-claim fails to state a claim, a court is not limited solely to the allegations in the cross-claim itself.  *See generally Mathis v. United Homes, LLC*, 607 F. Supp. 2d 411, 419 (E.D.N.Y. 2009) ("Accordingly, in determining the adequacy of the UH Defendants' and U.S. Bank's cross-claims, the court shall consider the allegations set forth in the cross-claims and the plaintiffs' complaints, which are integral to the cross-claims, as well as the documents on which the cross-claims rely."); *David v. Betts*, 2021 WL 1234499 *8 (D. Haw.) (noting that "allegations [in the cross-claim] are insufficient to state a plausible claim. . . especially when considering the allegations of the [First Amended Complaint].").  Rose's cross-claim is included in his answer to Aries' complaint.  Both Lloyd and Rose admitted Aries' allegation that Rose was injured on the *M/V Ram XVII* and was evacuated. (Aries' Complaint at ¶9, Rec. Doc. 1; Rose's Answer at ¶9, Rec. Doc. 16; Lloyd's Answer at ¶9, Rec. Doc. 10).  Much of the remainder of Aries' factual allegations—which pertained to Lloyd's and TWE's contractual arrangements and alleged indemnity obligations—were denied for lack of sufficient information.

The Court recognizes that Rose's cross-claim does not contain significant factual detail but finds that the lack of detail is not fatal under the circumstances.  Rose alleges that, on the day of the accident, TWE and/or Lloyd were providing engineering services on the *M/V Ram XVII* and that the drill rod fell and landed on his leg. (Rec. Doc. 16 at ¶¶ VII, VIII).  The allegations

relative to the liability of Aries, Lloyd, and TWE are based "on information and belief." (*Id*. at ¶ XI). Lloyd does not dispute that its personnel were present and participating in the soil boring operation with TWE's and Amdrill's employees. (Rec. Doc. 10 at ¶8). Lloyd, denied, however, that it was a supervisor of Amdrill's employees. (*Id*.).

Courts may require to plaintiffs to specifically allege facts that they can be reasonably be expected to possess: "For example, in a suit for personal injuries caused by the defendant's alleged negligence, some courts have required the plaintiff to assert specifically the time and place where the injury occurred, presumably as a means of providing sufficient notice to enable the defendant to form a response." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1309 (4th ed. 2018). However, some claims do not need to be factually supported in the complaint but rather plaintiffs may proffer these facts on the basis of what they expect to learn in discovery. Plaintiffs must identify "the factual contentions [that] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Here, the details and circumstances of the work being performed on the *M/V Ram XVII* on December 20, 2019 would be more readily available to Aries, Lloyd, TWE, and Amdrill than to Rose. Lloyd does not dispute that its employees were working on the vessel that day. Employees from Lloyd, TWE, and Amdrill (including Rose and possibly others) were all engaged in the soil boring operation. Discovery can develop and clarify the respective roles and involvement of the Lloyd's, TWE's, and Amdrill's employees and what they were doing when the drill rod struck Rose's leg. The work being performed that day by employees of multiple entities likely involved different roles, authority, and responsibilities among those respective employees. Such information can be ascertained through written discovery and depositions of the relevant personnel. In these situations, courts recognize that "some latitude may be appropriate" in applying the plausibility standard. *See Garcia-Catalan v. United States*, 734

F.3d 100, 104 (1st Cir. 2013). "Although there is no express authorization in the federal rules for pleading on information and belief, allegations in this form have been held to be permissible, even after the *Twombly* and *Iqbal* decision." Charles Alan Wright & Arthur Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (4th ed.); *see generally Johnson v. Johnson*, 385 F.3d 503, 531 n.19 (5th Cir. 2004). *See also Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) ("Our holding underscores the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint.").

Federal Rule of Civil Procedure 12(b)(6) does "not countenance dismissal of a complaint for imperfect statement of the legal theory." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014). Nor is a plaintiff obliged to explicitly state every element of a prima facie case in the complaint. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015). *See generally Haskett v. T.S. Dudley Land Co., Inc.*, 648 Fed. App'x 492, 495 (5th Cir. 2016) (noting that a "plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."); *Blitzsafe Tex., LLC v. Volkswagen Grp. of Am.*, 2016 WL 4778699 at *4 (E.D. Tex.) (noting that "in most patent cases, asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure.").

## IV. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the Motion to Dismiss filed by Lloyd Engineering, Inc. (Rec. Doc. 19) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 10th day of March, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**